# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**JERMONZA SPENCER,**

    **Petitioner,**

v.                                                                    Case No. 1:14-cv-28280

**BARBARA RICKARD, Warden,**
**FCI McDowell,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the petitioner, Jermonza Spencer's (hereinafter "Spencer") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (ECF No. 1).

At the time he filed his petition, Spencer was incarcerated at the Federal Correctional Institution at McDowell in Welch, West Virginia. A review of the Federal Bureau of Prison's ("BOP") inmate locator on its website, www.bop.gov, indicates that Spencer was released from BOP custody on March 29, 2016, and he is now serving his 10-year term of supervised release. Although Spencer failed to notify the court of updated contact information, the undersigned's staff contacted his probation officer and

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

determined an address where this Proposed Findings and Recommendation may be mailed to Spencer (which is provided at the end of this document).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### *Spencer's criminal proceedings and direct appeals*

On October 9, 1998, Spencer was convicted in the United States District Court for the Western District of Virginia of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Jury Verdict, *United States v. Spencer*, No. 3:97-cr-00082-JCT-2 (W.D. Va. Oct. 9, 1998), ECF No. 85. Spencer's superseding indictment did not contain a specific drug quantity, *id.*, ECF No. 56, and, apparently, the jury made no specific finding concerning the drug quantity.[2] Prior to Spencer's conviction, the United States of America (hereinafter "the government") filed an Information to establish Spencer's prior conviction(s), for the purpose of seeking a statutory sentencing enhancement under 21 U.S.C. § 851. *Id.*, ECF No. 71. On January 15, 1999, Spencer was sentenced to serve a 360-month term of imprisonment, followed by a 10-year term of supervised release. *Id.*, ECF No. 104.

Spencer's Judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on November 22, 1999. *United States v. Spencer*, 202 F.3d 261 (4th Cir.

---

[2] Although the undersigned has been able to access the publicly available docket sheet for Spencer's criminal proceedings, via the court's PACER docketing system, the documents therein are not scanned and publicly available. Furthermore, the original case file has been archived and is not immediately available for review in the Clerk's Office of the United States District Court for the Western District of Virginia. Although the undersigned was provided a copy of the superseding indictment and Spencer's Judgment by the Western District of Virginia Clerk's Office, the undersigned has not been able to access the jury verdict, the section 851 enhancement, Spencer's Presentence Investigation Report, which is filed under seal, or any transcripts from the criminal proceedings. Consequently, it has been difficult for the undersigned to verify information in order to summarize the procedural history herein, including details concerning the calculation of Spencer's sentence.

Nov. 22, 1999). On appeal, Spencer asserted four claims of error: (1) Spencer's Sixth Amendment right to confrontation was violated by admission of an out-of-court statement allegedly made by his non-testifying co-defendant; (2) the government used testimony of witnesses whose testimony had been procured by promising the possibility of favorable sentencing treatment; (3) the government deprived Spencer of his right to confront witnesses used against him at sentencing to establish the drug weight for which he was sentenced; and (4) the government failed to meet its burden of proof at sentencing regarding drug weight. Spencer's petition for a writ of certiorari was also denied. *Spencer v. United States*, 121 S. Ct. 379 (Oct. 30, 2000).[3]

### *Spencer's other post-conviction filings*

On October 10, 2001, Spencer filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Virginia. Motion to Vacate, Set Aside or Correct Sentence, *Spencer v. United States*, No. 7:01-cv-00776-JCT-gc (W.D. Va. Oct. 10, 2001), ECF No. 2. That motion raised the following grounds for relief: (1) The court violated Spencer's Sixth Amendment rights by allowing the prosecution to introduce "hearsay" statements made by his co-defendant; (2) The court lacked subject matter jurisdiction to sentence Spencer because the court relied upon drug amounts that the evidence did not link to Spencer except through hearsay statements of his co-defendant; (3) The government offered no

---

3  It appears that Spencer was also subsequently convicted, following a guilty plea, in the United States District Court for the Eastern District of Virginia of aiding and abetting the use and carrying of a firearm to commit murder during drug trafficking, in violation of 18 U.S.C. § 924(c)(i). *United States v. Spencer*, 3:99-cr-00312-HEH-1 (E.D. Va. Feb. 15, 2000). For that offense, Spencer was sentenced to serve 121 months in prison, followed by a three-year term of supervised release that was ordered to run concurrent to the Western District of Virginia sentence in Case No. 3:97-cr-00082, which Spencer challenges herein. Spencer is not challenging the Eastern District of Virginia Judgment herein.

evidence at sentencing to prove the drug quantity for which the court sentenced Spencer, thus violating his Fifth Amendment right; (4) The prosecution obtained the conspiracy conviction in violation of the Fifth Amendment by using the out-of-court statement by Spencer's co-defendant, by failing to file a timely notice of the intent to seek a sentence enhancement under 21 U.S.C. § 851, and by failing to present evidence upon which the court could make an independent finding of fact at sentencing as to the drug amount attributable to Spencer; and (5) Counsel provided ineffective assistance in failing to raise the grounds for relief raised in the section 2255 motion.  *See* Memorandum Opinion at 3-4, *Spencer v. United States*, No. 01-cv-00776, ECF No. 15.

The section 2255 motion was dismissed by the district court on November 15, 2002.  *Id.*, ECF Nos. 15, 16.  Specifically, the district court found that grounds one through four of the motion were raised, or should have been raised, in Spencer's direct appeal and, thus, those grounds were barred from consideration in his section 2255 motion.  *Id.*, ECF No. 15 at 4.  The district court further found that Spencer's claims of ineffective assistance of counsel lacked merit.  *Id.* at 4-9.  Spencer's subsequent appeal was dismissed on May 23, 2003, *see United States v. Spencer*, No. 03-6075 (4th Cir. May 23, 2003), and his petition for a writ of certiorari was denied on November 17, 2003, *see United States v. Spencer*, No. 03-6797 (U.S. Nov. 17, 2003).

Spencer thereafter successfully pursued two Motions to Reduce Sentence under 18 U.S.C. § 3582(c), pursuant to Amendments 706 and 782 to the United States Sentencing Guidelines, and, ultimately, on June 16, 2015, his sentence was reduced to 235 months. Order Granting Motion to Reduce Sentence, *United States v. Spencer*, No. 3:97-cr-00082, ECF No. 237.

<u>*Spencer's instant section 241 petition*</u>

The instant section 2241 petition, which was filed on November 17, 2014, challenges Spencer's mandatory minimum sentence under 21 U.S.C. § 841(b), and the enhancement thereof under 21 U.S.C. § 851, based upon the Supreme Court's decisions in *United States v. Alleyne*, 133 S. Ct. 2151 (2013), and *United States v. Descamps*, 133 S. Ct. 2276 (2013). Specifically, Spencer appears to be asserting that, because the drug quantity attributed to him at sentencing was not pled in the indictment and found beyond a reasonable doubt by the jury (or stipulated to by Spencer), his mandatory minimum sentence under the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A) and (B) is unlawful in light of *Alleyne*.

Likewise, Spencer asserts that the additional enhancement of his sentence under 21 U.S.C. § 851, based upon his prior Virginia conviction for possession of cocaine, was also unlawful because such conviction was not addressed in the indictment and considered by the jury. Additionally, Spencer contends that the Virginia conviction does not qualify as a predicate offense under § 851 in light of *Descamps*. Spencer further contends that, due to these intervening changes in the law, the erroneous increases of his sentence without jury findings renders him "actually innocent" thereof and, therefore, his conviction and sentence have resulted in a miscarriage of justice. (ECF Nos. 1 and 2).

Because it is clear from the face of the petition documents that Spencer is not entitled to any relief in this court under section 2241, the undersigned has not required a response to the petition by the respondent.

## **ANALYSIS**

Spencer's claims clearly challenge the validity of his judgment, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of Virginia. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

6

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Although Spencer appears to assert that the case law cited in his petition documents constitutes an intervening change in substantive law that retroactively affects his case, the authority upon which he relies does not change the <u>substantive law</u> such that the <u>conduct of which he was convicted is deemed not to be criminal</u>. In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense is an element of the crime that must be alleged in the indictment and proven beyond a reasonable doubt to a jury. 133 S. Ct. at 2155. *Alleyne* is an extension of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held the same for elements of an offense which increase punishment beyond a statutory maximum.[4] These cases have been held to establish new rules of criminal procedure,

---

[4] *Apprendi* and *Alleyne* were both decided after the conclusion of Spencer's criminal proceedings and his direct appeal. Thus, Spencer would only be entitled to relief based upon such decisions if they have been made retroactively applicable on collateral review. *See Teague v. Lane*, 489 U.S. 288, 310 (1989).

rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, *2 (S.D. W. Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague*, 489 U.S. at 303.

In fact, every court of appeals that has considered the issue, including the Fourth Circuit, has determined that *Alleyne* is not retroactive for purposes of collateral review. *See United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sep. 27, 2013) ("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *see also Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (collecting cases finding that *Alleyne* is not retroactive on collateral review).[5] Thus, even if Spencer could demonstrate that he would be entitled to relief under *Alleyne*, such relief is not available to him in a collateral proceeding under section 2255 or section 2241. *See Starks v. Warden, FCC Coleman-USP I*, 552 F. App'x 869 (11th Cir 2013) (dismissing § 2241 petition asserting claims of "actual innocence" of sentencing enhancement where jury did not find drug quantity based upon *Apprendi* and *Alleyne*).

In *Descamps*, the Supreme Court simply clarified that, in determining whether a previous conviction counts as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a sentencing court may look only to the elements of a defendant's prior conviction, not "to particular facts underlying those convictions." 133 S. Ct. 2276, 2283 (2013). *Descamps* further clarified that, when a statute is "divisible,"

---

[5] Although Spencer does not specifically rely upon *Apprendi* in his petition, to the extent that he may be attempting to make any claim thereunder, that decision has likewise not been declared to be retroactive on collateral review. *See, e.g., United States v. Sanders*, 247 F.3d 139, 146-147 (4th Cir. 2001); *see also, In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (explaining that decisions "based upon an extension of *Apprendi*" are not retroactive); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive).

8

that is, it contains alternative elements that constitute multiple offenses, the court may apply the "modified categorical approach" (permitting review of certain approved documents) to determine under which subpart of the statute the defendant was convicted.

Petitioner was not convicted and sentenced under the ACCA. Rather, Petitioner received a sentencing enhancement under 21 U.S.C. §§ 841(a)(1) and 851, based upon his prior conviction for a "felony drug offense." As noted above, a "felony drug offense" as defined for the purpose of these statutes is "an offense punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct related to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Without any specific explanation, Petitioner appears to be asserting that, in light of *Descamps*, his prior conviction in Virginia for possession of cocaine does not meet this definition.

However, *Descamps* is, likewise, not retroactive on collateral review. *See, e.g., Vargas-Soto v. Rickard*, No. 1:15-cv-07012, 2017 WL 1788662 *1 (S.D. W. Va. May 4, 2017); *see also Kane v. United States*, No. 1:16-cv-00146-MR, 2016 WL 7404720, at *4 (W.D.N.C. Dec. 21, 2016) (holding that "[b]ecause Descamps is not 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' a *Descamps* claim will not support a successive motion to vacate."); *Payton v. United States*, No. PJM 14-2078, 2016 WL 6996743, at *2 (D. Md. Nov. 30, 2016) ("The basis of Payton's petition is the Supreme Court's 2013 decision in *Descamps*, which the Supreme Court has not made retroactive."); *Gibert v. United States*, No. 8:09-cr-438, 2015 WL 11111314, at *3 (D.S.C. Mar. 10, 2015), dismissed, 622 F. App'x 268 (4th Cir. 2015) ("[The court finds that the Supreme Court did not create [in *Descamps*]

a new rule that is retroactive to cases on collateral review; *Briscoe v. United States*, No. 3:14-cv-127, 2015 WL 2451420, at *2 (N.D.W. Va. May 21, 2015), *appeal dismissed*, 624 F. App'x. 123 (4th Cir. 2015) (collecting cases)). Thus, Spencer's reliance on *Descamps* herein is also fruitless.

Notwithstanding these non-retroactive procedural decisions, as noted by our sister court, "[c]learly there has been no change in the law making it now legal to conspire to possess with the intent to distribute cocaine base or to possess with the intent to distribute . . . cocaine base." *Lightner v. Zych*, No. 7:11cv00534, 2011 WL 6010060 (W.D. Va. Nov. 30, 2011). Consequently, Spencer cannot meet the second factor of *In re Jones* and, thus, cannot demonstrate that section 2255 is inadequate or ineffective to test the legality of his conviction.

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of Spencer's claims by this court under section 2241. In light of the fact that Spencer has already unsuccessfully challenged his conviction and sentence in a prior 2255, he is likely barred from pursuing such claims now in another section 2255 proceeding. While this court could construe Spencer's petition as a section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would be an unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Spencer has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge

**FIND** that this court lacks jurisdiction to review the claims contained in Spencer's section 2241 petition.[6]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Spencer's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

---

[6] The undersigned notes that a panel of the United States Court of Appeals for the Fourth Circuit is presently considering an appeal of the denial of a section 2241 petition in which the court may determine, *inter alia*, whether the savings clause in section 2255(e) is jurisdictional and whether it provides a pathway to relief from an erroneous mandatory minimum sentence as a fundamental defect or miscarriage of justice. *See United States v. Wheeler*, No. 16-6073 (4th Cir.)   The panel heard oral argument on January 25, 2018, but a decision has not yet been rendered.

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner at the following address, which was obtained by the court's staff from the United States Probation Office for the Eastern District of Virginia: Jermonza Spencer, 7007 Belvedere Dr., Apt. B, Newport News, VA 23607.

<u>February 15, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge